UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY J. FERREIRA, as Administrator of the Estate of Patricia J. Ferreira, and as Guardian of the Estate and Person of Ryan C. Ferreira,<br>*Plaintiff,*<br>vs.<br>CITY OF EAST PROVIDENCE, et al.,<br>*Defendants.* | C.A. No. 05-73 S |
| ANTHONY J. FERREIRA, individually,<br>*Plaintiff,*<br>vs.<br>CITY OF EAST PROVIDENCE, et al.,<br>*Defendants.* | C.A. No. 05-75 S<br>(member case) |

**DEFENDANTS' MOTION IN LIMINE – EXPERT GROSSI**

Defendants hereby move to preclude certain opinions offered by plaintiff's expert, David M. Grossi, as well as the introduction into evidence of Mr. Grossi's report, dated February 19, 2007. In support thereof, Defendants rely on their memorandum of law, hereto attached and incorporated herein.

Defendants,
By their attorney,

*/s/ Marc DeSisto*

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on March 2, 2007, and is available for viewing and downloading from the ECF system.

*/s/ Marc DeSisto*

Marc DeSisto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANTHONY J. FERREIRA, as Administrator of the Estate of Patricia J. Ferreira, and as Guardian of the Estate and Person of Ryan C. Ferreira,

*Plaintiff,*

vs. C.A. No. 05-73 S

CITY OF EAST PROVIDENCE, et al.,

*Defendants.*

---

ANTHONY J. FERREIRA, individually,

*Plaintiff,*

vs. C.A. No. 05-75 S (member case)

CITY OF EAST PROVIDENCE, et al.,

*Defendants.*

**DEFENDANTS' MOTION IN LIMINE – EXPERT GROSSI**

Plaintiff has produced a written report, dated February 19, 2007, from David M. Grossi ("Grossi Report"). *The Grossi Report is attached hereto as Exhibit A*. Mr. Grossi identifies himself as a Law Enforcement Trainer and Consultant. Defendants file this motion in limine to preclude certain opinions offered by Mr. Grossi as well as the introduction into evidence of the Grossi Report.

## I. OPINION TESTIMONY EXPRESSING A LEGAL CONCLUSION

Throughout his report, Mr. Grossi opines that certain conduct of the Defendants constituted deliberate indifference to the safety of Patricia Ferreira and others.[1] For example, Mr. Grossi states that "their conduct fell below the nationally accepted standard for handling domestic violence responses and as such constituted deliberate indifference to the safety of Ms. Patricia Ferreira." *Grossi Report, at 3*. He also opines that Defendants' "conduct showed a conscious disregard of the consequences of their actions," their conduct was "unconscionable" and that they were "negligent." *Id. at 10, 13 and 19, respectively*.

These opinions are inadmissible as they express legal conclusions. "Although an expert's opinion may 'embrace[] an ultimate issue to be decided by the trier of fact[]' *Fed. R. Evid. 704(a)*, the issue embraced must be a factual one." *Berry v. City of Detroit, 25 F.3d 1342, 1353 (6th Cir. 1994); rehearing denied (en banc), 1994 U.S. App. LEXIS 23079 (1994); cert. denied, 513 U.S. 1111 (1995)*. "Deliberate indifference", "conscious disregard", "unconscionable", and "negligence" are all legal—not factual—terms. As such, Mr. Grossi's use of these terms in his testimony is not admissible. The *Berry* court provided a concrete example of what testimony is admissible and what is not admissible:

> The expert can testify, if a proper foundation is laid, that the discipline in the Detroit Police Department was lax. He also could testify regarding what he believed to be the consequences of lax discipline. He may not testify, however, that the lax discipline policies of the Detroit Police Department indicated that the City was *deliberately indifferent* to the welfare of its citizens. *Id*.

The reason this testimony is inadmissible: "deliberate indifference" is a legal term and "[i]t is the responsibility of the court, not testifying witnesses, to define legal terms." *Id*. *See also, Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, (1st Cir. 1997) ("The abolition in Rule 704(a) of this 'ultimate issue' rule allows the expert witness to offer his or her factual conclusion*

[1] The report contains 23 references to "deliberate indifference."

*in order to aid the jury, which properly can choose to accept or reject it. However, questions of law are not to be decided by the trier of fact * * *); Hygh v. Jacobs, 961 F.2d 359, 363 (2nd Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion.").*

In *Hygh*, the court noted as follows:

> Far more troubling, Cox [the expert] testified that Jacobs' conduct was not 'justified under the circumstances,' not 'warranted under the circumstances,' and 'totally improper.' We have held that an expert's testimony that a defendant was 'negligent' should not have been allowed. We see no significant distinction in Cox's conclusory condemnations of Jacobs' actions here, which, in the language of the [Federal Rules of Civil Procedure] advisory committee, 'merely [told] the jury what result to reach.' *Id. at 364*.

In the instant case, Mr. Grossi's conclusory opinion testimony is no different and should likewise be precluded by the Court. Defendants respectfully request that this Court preclude Mr. Grossi from testifying that Defendants conduct showed a conscious disregard of the consequences of their actions, that their conduct was unconscionable, that they were negligent, and from offering any other, similar conclusory testimony.

## II. TESTIMONY CONCERNING THE APPLICABLE LAW

In addition to stating legal conclusions, Mr. Grossi opines on the law. For example, he states that "[t]o establish liability, plaintiffs must show that the training program at issue is inadequate to the tasks that the officers must perform, that the inadequacy is the result of the municipality's deliberate indifference, and that the inadequacy is closely related to or actually caused the plaintiff's injury." *Grossi Report at 20*. Without belaboring the point, it is the court's responsibility to define legal terms, not testifying witnesses. *Berry, 25 F.3d at 1353. See also Nieves-Villanueva, 133 F.2d at 99 ("It is black-letter law that it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.")*

Defendants respectfully request that this Court preclude Mr. Grossi from testifying about legal terms that are properly in the province of the Court.

## III. SUICIDAL/MENTALLY ILL PERSONS POLICY

Mr. Grossi opines that the East Providence Police Department failed to properly train its officers in service calls regarding suicidal/mentally ill persons. *Grossi Report at 14*. The officers failure, according to Mr. Grossi, was not seizing Ms. Ferreira's firearms at the home when they responded to the domestic call. *Id*. To support this opinion, Mr. Grossi refers to East Providence Police Department General Order #2000-43, Section #330.06, entitled "Suicidal/Mentally Ill Persons." *The Suicidal/Mentally Ill Persons policy is attached hereto as Exhibit B*. However, the police officers did not respond to a call of a suicidal or mentally ill person. As Mr. Grossi concedes, the officers responded to a domestic call. Further, it is undisputed that Ms. Ferreira did not threaten suicide at the home. Therefore, citation to this General Order is, at best, not relevant and, at worst, misleading.

In order to support his opinion that the firearms should have been confiscated at the home, Mr. Grossi cobbles together disparate portions of the suicidal/mentally ill persons policy. He first cites Section 1-3(B)(4) which states that—

> [i]t is a priority for an officer to ascertain if the [suicidal/mentally ill] individual either possesses or otherwise has access to weapons when the officer has determined that the individual is mentally ill, in crisis, or is suicidal.

Clearly, this policy does not mandate confiscation of firearms and, when read in the context of the entire suicidal/mentally ill policy, is directed towards the safety of the officer. Mr. Grossi, however, cites a different section of the policy to support his confiscation opinion. According to Mr. Grossi, Section 1-4(D)(3) mandates that the police should have confiscated Ms. Ferreira's firearms. However, he cites only a portion of Section 1-4(D)(3), to wit: "Officers

shall talk the [suicidal/mentally ill] subject into compliance and seize the weapon." What Mr. Grossi leaves out is the rest of that section which states, in bold letters, "**Again, officer safety is of primary importance**." He also omits the title of Section D, "Response to Threat of Suicide."

It is clear that the suicidal/mentally ill policy cited by Mr. Grossi for his confiscation position at the home is not relevant to this case. The police responded to a domestic call, not a call regarding suicidal/mentally ill persons. Ms. Ferreira did not threaten suicide at the home. The activity at the home did not involve the activity covered by the policy. Allowing Mr. Grossi to testify about the suicidal/mentally ill policy will only confuse and mislead the jury and his testimony should be precluded under *Fed. R. Evid. 402 and 403*.

## IV. DEPLOYMENT OF THE DIVERSIONARY DEVICES

Mr. Grossi contends that the use of the flashbangs was not appropriate for breaching an automobile window. *Grossi Report at 5*. He further states that introduction of a flashbang into the interior of Ms. Ferreira's automobile was dangerous and wholly inappropriate because it is an incendiary device. *Id. at 8*. This opinion testimony is not relevant and will only mislead the jury.

Ms. Ferreira was not injured by breaking window glass or burns from the flashbang that entered her automobile. It is undisputed that the flashbang bounced off the window. While Mr. Grossi may find this conduct inappropriate, it is certainly not relevant to what he deems the cause of Ms. Ferreira's suicide. In fact, if Defendants understand Mr. Grossi's opinion, he believes that the problem with using the flashbangs was something called the startle effect. Therefore, testimony on the deployment of flashbangs as being inappropriate for breaching windows or as an incendiary device is not relevant, will only mislead and confuse the jury and should be precluded under *Fed. R. Evid. 402 and 403.*

## V. INTRODUCTION OF THE GROSSI REPORT

Plaintiff has informed Defendants that he will seek to introduce the Grossi Report into evidence. Therefore, Defendants move for an Order to exclude the Grossi Report as an exhibit at trial. Initially, and as outlined above, the Grossi Report is replete with improper opinion testimony, commentary and misleading gratuitous comments. Further, the contents of the Grossi Report are simply cumulative of the live testimony that Mr. Grossi will provide at trial. As such, it may be excluded by this Court. *See Fed. R. Evid. 403;* *Vienne v. American Honda, 2001 U.S. Dist. LEXIS 1301 (E.D. La. 2001) ("The Court holds that experts' reports are cumulative to their testimony at trial. Accordingly, Plaintiff's Motion to Strike Defendants' [expert reports] [] is granted."); Hillman v. United States Postal Service, 171 F. Supp.2d 1174, 1176 (D. KS. 2001) ("Although the expert will be permitted to testify to the facts set forth in these documents, the court's routine practice is not to admit exhibits such as an expert's resume, report, and other documentation into evidence.")*

Defendants respectfully request that the Grossi Report be excluded from evidence.

## VI. TESTIMONY CONCERNING THE "STARTLE EFFECT"

The admission of expert testimony is governed by *Fed. R. Evid. 702* which states as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. *Fed. R. Evid. 702.*

"The trial court must determine whether the expert's testimony 'both rests on a reliable foundation and is relevant to the task at hand' and whether the expert is qualified." *United States v. Monteiro, 407 F.Supp.2d 351, 356 (D.MA 2006) quoting Daubert v. Merrell Dow, 509 U.S.*

*579, 597 (1993).* In the instant case, Mr. Grossi opines that the use of diversionary devices (informally called "flashbangs") **may** have caused an involuntary and unintentional discharge of the firearm held by Patricia Ferreira. *Grossi Report at 6.* He bases this opinion on the physiological effects of a "sudden appearance" or a "loud noise" which can cause "sympathetic muscle contractions." However, Plaintiff has presented no evidence to support these conclusions, no evidence that Mr. Grossi is qualified to give an opinion on physiological effects or the so-called startle effect, no evidence whether this proposed testimony is scientifically valid or sufficiently reliable and no evidence on whether this reasoning or methodology properly can be applied to the facts of this case. *See generally, Monteiro, 407 F.Supp.2d at 351.* Additionally, the opinion is not expressed with the requisite degree of certainty.

Defendants seek to preclude Mr. Grossi's testimony on the "startle effect" and request a Daubert hearing, pursuant to *Fed. R. Evid. 104(a),* for the Court to consider this proffered expert testimony.

## VII. CONCLUSION

For the reasons set forth herein, and any others that may arise at hearing, Defendants respectfully request that this Court grant their Motion in Limine.

Defendants,
By their attorney,

*/s/ Marc DeSisto*

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on March 2, 2007, and is available for viewing and downloading from the ECF system.

*/s/ Marc DeSisto*

Marc DeSisto