**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY J. FERREIRA, in both his capacity as Administrator of the Estate of Patricia J. Ferreira and as guardian of the estate and person of Ryan C. Ferreira,** | : | |
| **Plaintiff** | : | |
| **v.** | : | **C.A. No. 05-73S (consolidated)** |
| **CITY OF EAST PROVIDENCE, by and through its Treasurer, KEVIN J. FITZGERALD, et al.,** | : | |
| **Defendants** | : | |

**PLAINTIFF'S MOTION IN LIMINE-DOUGLAS S. LACEY**

Now comes the Plaintiff and moves this Court for an order precluding Defendants' proffer of expert testimony by Douglas S. Lacey and as grounds therefore and in support thereof relies on his Memorandum of Law filed simultaneously herewith.

Respectfully submitted,
PLAINTIFF,
By his Attorneys,
SINAPI, FORMISANO & CO., LTD.

Dated: March 7, 2007

/s/ V. Edward Formisano
V. Edward Formisano (5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401)943-9040 (facsimile)

**CERTIFICATION**

To: Marc DeSisto, Esq.
211 Angell Street
P.O. Box 2563
Providence, RI 02906

I hereby certify that on the 7th day of March, 2007, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System. I also certify that the above received the within.

/s/ V. Edward Formisano

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANTHONY J. FERREIRA, in both his capacity as Administrator of the Estate of Patricia J. Ferreira and as guardian of the estate and person of Ryan C. Ferreira,** **Plaintiff** | : | |
| **v.** | : | **C.A. No. 05-73S (consolidated)** |
| **CITY OF EAST PROVIDENCE, by and through its Treasurer, KEVIN J. FITZGERALD, et al.,** **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE-DOUGLAS S. LACEY**

## I. Introduction

The Plaintiff, prior to the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, makes this motion in limine to exclude Defendants proffer of expert testimony by Douglas S. Lacey ("Lacey").

During the course of this litigation, the Plaintiff produced to Defendants a videotape of the incident at issue that was given to his counsel by Magtalena Picot ("Picot"). Picot testified at her deposition that her friend, Ariel Montoya, videotaped the incident. Plaintiff's counsel was not given the original video recording.[1] When viewing the videotape at issue, it is plainly apparent that during the course of the filming the videotape was interrupted and that several frames are missing from the videotape.

Defendants have produced a "Laboratory Report" prepared by Lacey that analyzes the videotape. (A copy of the Report is attached hereto at Exhibit A.) Based on said report, Defendants will have Lacey testify that the "discontinuities" throughout the videotape, "may be

[1] Counsel is unaware of any effort undertaken by Defendants to secure the original recording.

the result of stops and restarts of the camcorder during the original recording or an intermediate copying process, or **may indicate alterations to the original recording and/or an intermediate copy."** (emphasis added)

## II. Argument

In examining a proffer of expert testimony, a court must determine whether the expert witness is qualified and has specialized knowledge that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Beacon Mut. Ins. Co. v. Onebeacon Ins. Group, 253 F.Supp.2d 221, 222 (D.R.I. 2003); see generally United States v. Sepulveda, 15 F.3d 1161, 1183 (1st Cir.1993)(citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591, (1993); Fed.R.Evid. 702. A trial court must determine whether the proposed expert is "qualified by knowledge, skill, experience, training, or education." Ed Peters Jewelry Co. v. C & J Jewelry Co., 124 F.3d 252, 259 (1st Cir. 1997); Richmond Steel, Inc. v. Puerto Rican Am. Ins. Co., 954 F.2d 19, 21 (1st Cir.1992). The First Circuit has recognized that the ultimate purpose of a Daubert inquiry is to determine whether the expert's testimony will aid the jury in resolving a disputed issue. Cipollone v. Yale Indus. Prod., Inc., 202 F.3d 376, 380 (1st Cir.2000); Hall v. Eklof Marine Corp., 339 F.Supp.2d 369, 381 (D.R.I. 2004).

In the first instance, this proffer of expert testimony will not assist the jury in understanding the evidence or to determine a fact in issue and therefore should be precluded. Fed.R.Evid. 702. Expert testimony is not required for the jury to understand this evidence. It is within the common knowledge or experience of lay person to understand or comprehend that the videotape contains interruptions.[2]

[2] Lacey's testimony should also be barred because no information has been presented pursuant to Fed.R.Civ.Pro. 26(a) that would establish that Lacey is qualified as an expert in the field of audio/video analysis.

Lacey's testimony should also be precluded because its probative value is substantially outweighed by the danger of unfair prejudice as well as the fact that it will confuse and mislead the jury. Fed.R.Evid. 402; 403. Because the original videotape has not been located, Lacey can only **speculate** what occurred to either the original recording or intermediate copy and by so doing testify that the stops and starts **may** be due to an alteration to the tape. Such testimony is prejudicial and misleading because the jury may believe that the Plaintiff altered the tape.

Thus, in an effort to avoid probable prejudice and a possible mistrial, the Plaintiff moves this Court in limine to preclude the proffer of expert testimony of Lacey, and instruct all attorneys in this cause and order them in turn to instruct all witnesses they place on the stand, not to mention, argue, or make any statements or references relating in any way to the expert report or opinion of Lacey without obtaining this Court's express permission and authority. Alternatively, the Plaintiff requests a Daubert hearing pursuant to Fed.R.Evid. 104(a) for the Court to consider this proffer of expert testimony.

## III. Conclusion

**WHEREFORE**, the Plaintiff respectfully requests that his Motion in Limine be granted, and that this Court grant the protection and relief sought by appropriate order binding on all counsel, parties, witnesses, and persons appearing in this action.

Respectfully submitted,
PLAINTIFF,
By his Attorneys,
SINAPI, FORMISANO & CO., LTD.

Dated: March 7, 2007

/s/ V. Edward Formisano

V. Edward Formisano (5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401)943-9040 (facsimile)

**CERTIFICATION**

To: Marc DeSisto, Esq.
211 Angell Street
P.O. Box 2563
Providence, RI 02906

I hereby certify that on the 7th day of March, 2007, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System. I also certify that the above received the within.

/s/ V. Edward Formisano